IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. WR-76,284-01, WR-76,284-02 & WR-76,284-03






EX PARTE CHISHOLM LEE BRITTAIN, Applicant








ON APPLICATIONS FOR WRITS OF HABEAS CORPUS


CAUSE NO. 5095A-2011, 5096A-2011 & 5097A-2011 


IN THE 8TH JUDICIAL DISTRICT COURT

FROM RAINS COUNTY




 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to one charge of
burglary of a habitation, one charge of aggravated robbery, and one charge of aggravated kidnapping
and was sentenced to twenty years' imprisonment for the burglary of a habitation, thirty-five years'
imprisonment for the aggravated robbery, and thirty years' imprisonment for the aggravated
kidnapping, with all sentences running concurrently. He did not appeal his convictions. 

 Applicant contends that his pleas were involuntary and that his judgments in the aggravated
robbery and aggravated kidnapping cases should not have had affirmative deadly weapon findings. 
Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington, 466
U.S. 668 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1997), the trial court is the appropriate forum for findings of fact. The trial court
may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). In the appropriate case, the
trial court may rely on its personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall supplement the record with copies of the plea documents in these three
cases, including admonishments, stipulations, waivers, and any written plea agreements. The trial
court shall also supplement the record with a transcript of the plea proceedings. The trial court shall
then make findings of fact and conclusions of law in regard to Applicant's claim that his pleas were
involuntary. The trial court shall also make any other findings of fact and conclusions of law that
it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: September 14, 2011

Do not publish